OPINION.
Scofield, J.,
delivered the opinion of the court:
Two distinct and disconnected claims against the former corporation of the city of Washington are embraced in this suit.
The first of these claims originated as follows: In 1865 a certain lot .was sold by the city.for the unpaid taxes of 1864. The claimant bid it off, paid the purchase money, received his deed, took possession, and down to 1872 paid all taxes assessed thereon. About that time he discovered, or thought he discovered, that part of the taxes for 1864 had been paid before the sale. Thereupon he procured from W. H. Slater, the tax collector of 1872, a certificate to the effect that part of the tax of 1864 had been paid, and that the sale was therefore erroneous. This certificate, together with a bill for purchase money, taxes, costs, and interest, amounting to $241.81, he laid be *380 fore tbe accounting officers of the District and asked for a refund. Tbe bill was approved by tbe auditor and comptroller, and was then laid before tbe commissioners of tbe sinking fund, but they took no action upon it.
Tbe second claim is based upon a contract made August 14, 1869, by the city of Washington and Cornelius Clark for tbe grading of P street. Tbe claimant alleges that there was an unpaid balance of $1,312.72 which bad been assigned by Clark to himself. In support of this claim a certificate of measurement made and sworn to by P. H. Donegan, who bad been surveyor for tbe city when tbe work was done, but at tbe time of certifying held no official position, was, with tbe bill, laid before tbe accounting officers of tbe District. Like tbe first claim, it was approved by tbe auditor and comptroller, but not acted upon by the commissioners of tbe sinking fund.
• Tbe mode of authentication and payment of claims against tbe former corporation of tbe city of Washington is set forth in tbe act of tbe legislative assembly of June 20,1872, chapter 34, and is as follows: *
That the commissioners of the sinking fund of the District of Columbia are hereby authorized, subject to the provisions hereinafter contained, to settle, after examination and approval by them and the auditor and comptroller of the District, such contracts and obligations of the city of Washington as may have been entered into and created by, or claims that may exist against, the late corporation of Washington, and not included in the report of the auditing commission or provided for by the act of Congress-approved May eighth, eighteen hundred and seventy-two, including the seven and three-tenths certificates of indebtedness issued under act of Congress and ordinances of the said city. * * * [Provisions for issuing bonds to pay such liabilities, &c. ] And provided further, That no claim shall be paid unless it shall first have been examined and approved by the auditor and comptroller of the District, and then submitted by saicl officers, with all the papers connected therewith, to the commissioners of the sinking fund, and also approved by them; and no claim shall be audited or paid by virtue of this act unless presented within nine months from the date of its passage.
It will be seen that by tbe provision of this law tbe approval of tbe auditor, comptroller, and tbe commissioners of tbe sinking fund must precede payment. As these claims were not approved by tbe commissioners, the prior approval of tbe auditor and comptroller bad no legal significance. They were left as they were before, to wit, outstanding, unautbenticated claims against the city of Washington. Having failed to se *381 cure the claims before the commissioners of the sinking fund, the claimant might at that time have tested his rights in the courts of the District. It does not appear that he availed him- ' self of this privilege.
As the certificates of Slater and Donegan, however proper for the consideration of the accounting officers, are not evidence in a court of law, and as the approval by the auditor and comptroller unsupported by the approval' of the commissioners of the sinking fund cannot be received even as prima facie evidence, both claims are left by the findings without any supporting proof.
This ruling not only leaves the claims without proof, but, by defining their character as ^unliquidated claims against the city of Washington, deprives the court of all jurisdiction over them. For it is not alleged that we have jurisdiction of claims against the city of Washington as such. It was only on the supposition that the claims were converted into “ certificates issued by the auditor and comptroller of the District of Columbia,” within the meaning of the Act of June 16, 1880, ch. 243 (21 Stat. L., 284, and Suppl. Eev. Stat., 562), that jurisdiction was taken. But as the approval of the claims by these officers without the concurring approval of the commissioners of the sinking fund gave them no additional validity and authorized no payment, they cannot be considered the certificates described in the jurisdictional act. That act necessarily refers to certificates given for claims the validity of which might be lawfully examined, passed upon, and authenticated by the auditor and comptroller alone. Such certificates are by the intendment of the act prima facie evidence of the facts therein stated, and, unimpeached for fraud or mistake, conclusive against the defendant. But the “approvals” of the claims in suit are without any legal force except to confer upon the commissioners of the sinking fund jurisdiction to examine, approve, and settle them if they saw fit. Of themselves they gave no validity, created no liability, and authorized no payment.
The petition is dismissed.